UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-335-GWU

DONALD RAY AMBURGEY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Donald Amburgey brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of

1

        impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

3

08-335  Donald Ray Amburgey

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Amburgey, a 49-year-old[1] former owner of a metal distribution business with a high school education, suffered from impairments related to cervical spine degenerative disc disease, right wrist arthritis secondary to a past fracture, depression, lumbago of the lumbosacral spine and left knee degenerative joint disease. (Tr. 29, 35). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 31-32, 35). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.

Amburgey was found capable of performing a restricted range of light level work in an administrative decision which became final on September 20, 2001. (Tr. 65). Among the non-exertional restrictions found by the ALJ at that time were (1) an inability to push or pull more than 10 pounds; (2) the need for a sit/stand option;

---

[1] This was the plaintiff's age at the time of the expiration of his DIB-insured status. (Tr. 35).

08-335 Donald Ray Amburgey

(3) an inability to more than occasionally climb, balance, stoop, crouch, kneel or crawl; (4) a "poor" ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses and maintain attention and concentration; and (5) a "fair" ability to behave in an emotionally stable manner. (Id.). Principles of <u>res judicata</u> require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." In the present action, the ALJ acknowledged the <u>res judicata</u> implications of this prior denial decision without ever indicating whether a change of circumstances had been found or noting that <u>res judicata</u> was being applied. (Tr. 27-28).

With regard to the physical factors, the current ALJ did not include among his findings or the hypothetical question a restriction concerning balancing. (Tr. 31-32, 714). Social Security Ruling 85-15 indicates that a restriction concerning balancing can be very significant and should be presented to a vocational expert when accompanied by other limitations. The ALJ has not addressed why this significant limitation would no longer be required and, so, has not complied with <u>Drummond</u>.

The ALJ in the current case also made very different findings with regard to Amburgey's mental condition than were found in the September, 2001 decision. The mental restrictions included: (1) a limitation to simple tasks and instructions; (2) an inability to maintain concentration and attention for more than two hours in an eight-hour day; and (3) a limitation to task-oriented work-settings where contact with supervisors and co-workers is casual and infrequent. (Tr. 32, 714).  The ALJ made no mention as to why he no longer considered such mental restrictions as a "poor" ability to deal with work stresses or the public to be required.  Therefore, the undersigned finds a violation of the Drummond requirements with regard to the mental factors of the hypothetical question as well.

Since the prior hypothetical question was considered by a vocational expert during the processing of the prior application, one might argue that the court could rely upon the earlier vocational testimony provided Amburgey would not now be considered disabled under the medical-vocational guidelines due to a change in his age.  However, the prior testimony was not submitted into evidence in the current case. (Tr. ii).  Furthermore, the current ALJ found new restrictions such as a need to avoid exposure to vibration and a limitation to simple tasks and instructions which were not considered in the earlier application.  Therefore, a remand of the action for further consideration is required.

08-335  Donald Ray Amburgey

A significant issue raised in this action concerns the time period relevant to Amburgey's appeal. The plaintiff's DIB-insured status expired on December 31, 2003. (Tr. 36). The expiration date is not in dispute. With regard to the disability onset date, the claimant alleged he became disabled on January 21, 2003 on his current DIB application. (Tr. 517). The plaintiff's earlier DIB application was filed in February of 1999 and he alleged a disability onset date of September 1, 1998 on it. (Tr. 82). This application was denied by the administration in the decision which became final as of September 20, 2001.[2] (Tr. 55-66). On the current appeal which is before the undersigned, the claimant now argues that the ALJ implicitly reopened the earlier application by discussing the prior evidence without invoking res judicata and cites Crady v. Secretary of Health and Human Services, 835 F.2d 617, 620 (6th Cir. 1987) in support of the claim.

In Crady, the plaintiff asserted the same onset date on both the current and prior applications and the ALJ specifically indicated he was making a new and independent decision based on all the evidence received and then proceeded to extensively discuss the prior evidence. Crady, 835 F.3d at 620. In the present action, Amburgey alleged a much later onset date on the current application (January 21, 2003 versus September 1, 1998) and never sought to have it amended during the administrative processing of his current claim. While the ALJ did discuss

---

[2]Apparently this denial decision was not further appealed by the claimant.

08-335  Donald Ray Amburgey

some of the prior evidence, he also specifically indicated he was relying on the evidence obtained near 2003.  (Tr. 33).  Thus, the ALJ did not indicate he was making a new and independent determination based on all the evidence received. While earlier evidence was discussed, this appeared to be for the limited purpose of establishing the historic context of the plaintiff's impairments.  Finally, the ALJ also specifically indicated that the time frame he was considering ran from the alleged onset date of January 21, 2003 to the December 31, 2003 DIB-expiration date.  (Tr. 36).  Therefore, under these circumstances, the undersigned finds that an implicit reopening did not occur and the relevant frame for consideration runs from January 21, 2003 through December 31, 2003.

Another issue raised by Amburgey is that the ALJ, in the August, 2001 denial decision, erred by relying upon the testimony of Psychologist Suzanne O'Koon, who testified as a medical advisor in the action.  This decision was not appealed and became final.  The only decision before the undersigned is the one issued January 31, 2008 on the current application.  (Tr. 27-36).  In the absence of a colorable constitutional claim, the undersigned has no jurisdiction to review the August, 2001 administrative decision.  Califano v. Sanders, 430 U.S. 99, 107-108 (1977). Therefore the court rejects this argument of the plaintiff.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner in order to comply with the

08-335  Donald Ray Amburgey

requirements of <u>Drummond</u>.  Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of June, 2009.

Signed By:
<u>G. Wix Unthank</u>
United States Senior Judge