UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 08-335-GWU


DONALD RAY AMBURGEY,                                           PLAINTIFF,


VS.                        **MEMORANDUM OPINION AND ORDER**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.


Counsel for the plaintiff has filed a motion for an award of attorney's fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking $150.00 per hour for 39.5 hours of work on his successful appeal, along with $364.01 in costs and $91.26 in expenses. The defendant objects to the hourly rate, to some of the hours claimed, and to the expenses.

With regard to the hourly rate, the court continues to hold, in accordance with prior rulings, that $125.00 is the prevailing market rate for Social Security appeals in the Eastern District of Kentucky. See, e.g., Christine Combs v. Commissioner of Social Security, Civil Action No. 5:08-385-GWU (E.D. Ky. December 9, 2009).

Turning to the number of hours claimed, the defendant requests a reduction from 20 hours to 17 hours for the time needed to review the transcript and prepare the motion for summary judgment. Given the length and complexity of the transcript, the court finds the number of hours to be reasonable.

1

09-335 Donald Ray Amburgey

The Commissioner challenges a total of 6.5 hours of attorney time for travel and three meetings, as follows.

(1)     Travel to Pikeville between July 30 and August 4, 2008 to meet with the plaintiff's administrative attorney, pick up the case file, and review documents.

(2)     Travel to Pikeville to pick up summonses at the Clerk of Court's office on August 8, 2008.

(3)     Travel on September 24, 2009 to meet the plaintiff to explain unspecified court actions "and obtaining signatures on document."

Fee Petition, Docket Entry No. 16-9, pp. 6,8.

Counsel for the plaintiff responds that the travel in Item 1 was needed to determine if a federal appeal was warranted, because of "time considerations." Docket Entry No. 21, p. 4.  A review of the briefs of the parties indicates that the Appeals Council denied review on June 3, 2008.  Docket Entry No. 9-2, p. 3; Docket Entry No. 12, p. 2.  Normally, the Appeals Council allows an appeal to be filed in Federal Court within sixty days of its decision, plus 5 days for mailing.  The complaint in this case could have been filed no later than August 8, 2008.  If the plaintiff's appellate counsel was not contacted by his administrative counsel before July 30, 2008, the time available would have been limited.  However, counsel could have requested an extension of time to file from the Appeals Council as provided in 20 C.F.R. § 404.982, and has not suggested a reason for failing to do so.

2

09-335 Donald Ray Amburgey

Likewise, no convincing rationale is provided for counsel's choice to travel to Pikeville to pick up summonses at the Clerk's office, rather than receiving them by mail.[1]

Regarding Item 3, counsel makes no response to the defendant's objection.

Therefore, the amount of time claimed for these trips and meetings will be reduced from 6.5 to 2.5 hours, and the requested expenses of $91.26 for two round trips to Pikeville will be denied.

### ORDER

Accordingly, the court being sufficiently advised,

IT IS HEREBY ORDERED that the Motion for Payment of Attorney Fee Pursuant to 28 U.S.C. Section 2412(d)(1), Docket Entry No. 16, is GRANTED in part and DENIED in part; counsel for the plaintiff is awarded EAJA fees in the amount of $4,437.50 (35.5 hours x $125.00 per hour) and $364.01 in costs.

This the 12th day of February, 2010.



Signed By:

G. Wix Unthank

United States Senior Judge

---

[1]Counsel suggests that the alternative would have been travel to Lexington to pick up the summonses. In the vast majority of cases on this court's docket, the summonses are mailed by the Clerk's office, apparently without incident.