UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DONALD RAY AMBURGEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 08-335-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the second motion for attorney fees filed by Plaintiff Donald Amburgey's counsel, Wolodymyr Cybriwsky. [Record No. 27] Through this motion, Cybriwsky seeks payment of $53,909.48 in fees under 42 U.S.C. § 406(b)(1) based on his contingency fee agreement with Amburgey. [*Id.*, p. 1] The Commissioner has objected to the fee request, arguing that it constitutes a "windfall" due to the plaintiff's inordinately large benefit award. [Record No. 28, p. 4] After reviewing the motion and supporting documentation, the Court agrees with the Commissioner that the fee request is excessive. The motion for attorney fees will be granted, in part, and denied, in part, as explained below.

**I.**

On August 7, 2008, Amburgey sought review of the Social Security Administration's denial of his application for a period of disability and disability insurance benefits. [Record No. 1] The Court remanded the case for further administrative proceedings and development

- 1 -

of the record pursuant to sentence four of 42 U.S.C. § 405(g) on June 30, 2009. [Record No. 15] Following entry of the Judgment, counsel filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking $150.00 per hour for 39.5 hours of work on the appeal, along with $364.01 in costs and $91.26 in expenses. [Record No. 16, p. 4] The Court granted the motion for fees, in part, awarding Cybriwsky EAJA fees of $4,437.50 for 35.5 hours of work at $125.00 per hour, and $364.01 in costs. [Record No. 22] The Court reduced Cybriwsky's paid time by four hours. [*Id.*, p. 2]

Thereafter, on April 2, 2014, notice was sent to Amburgey indicating that Administrative Law Judge Don C. Paris had reviewed the case and issued a favorable decision. [Record No. 23-2] The parties did not request that the Court issue a final judgment affirming the administrative decision.

Cybriwsky filed his first motion for attorney fees under 42 U.S.C. § 406(b) on February 9, 2016. [Record No. 23] The Court denied that motion because Cybriwsky failed to provide information concerning the amount of past-due benefits payable to Amburgey. [Record No. 26, p. 2] The instant motion[1] provides such documentation, confirming that Amburgey received $215,637.90 in past-due benefits for the period June 2004 through March 2014, and that the Commissioner withheld $53,909.48 for attorney fees, pending Court approval. [Record No. 27-1, pp. 3−4]

As grounds for the motion for attorney fees, Cybriwsky asserts that he is entitled to 25% of the past-due benefits based on the contingency fee agreement with the plaintiff.

---

[1]    Although Cybriwsky termed the instant motion a motion for relief under Rule 59(e) from the Court's March 7, 2016 Order [Record No. 27], the Court has considered the motion as a second motion for attorney fees under § 406(b).

[Record No. 23-3]  While the Commissioner acknowledges the validity of the agreement, she argues that an award of 25% of the past-due benefits is unreasonable because it results in an hourly rate far in excess of the standard rate in the relevant market.  [Record No. 28, p. 4]  The parties' dispute relates largely to the number of compensable hours used in the calculation for determining the reasonableness of the award.

## II.

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  This portion of the statute calls for court review of contingency fee agreements.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Counsel bears the burden of demonstrating that the requested fee is reasonable for the services rendered.  *Id.*  Where EAJA fees have been awarded, the attorney must refund such fees upon receiving fees under § 406(b).  *Id.* at 796.

Courts accord a rebuttable presumption of reasonableness to contingency fee agreements that are consistent with § 406(b).  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).  However, the Court may deduct from the fee amount identified in the agreement if (1) there is evidence of improper conduct on the part of counsel or (2) counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Rodriquez*, 865 F.2d at 746.

- 3 -

To determine whether a windfall will occur, the Court considers, among other factors, the hypothetical hourly rate resulting from application of the agreement.  In *Hayes*, the Sixth Circuit held that a hypothetical hourly rate less than twice the standard rate is *per se* reasonable, but a hypothetical hourly rate equal to or greater than twice the standard rate is only accorded the rebuttable presumption.  923 F.2d at 422.  Under the latter situation, the Court should consider the difficulty of the case, the results achieved, whether the attorney was responsible for any delay, and other factors in determining whether the fee contemplated by the agreement is reasonable.  *Id.*  The hours that enter this determination are limited to the time spent on work done before the Court.  *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).  Thus, time spent at the administrative level does not influence the analysis of the reasonableness of the fee award.

In the hypothetical hourly rate calculation, the Court may consider time spent preparing an EAJA petition.  *See Walls v. Astrue*, No. 05-2226 Ma/P, 2008 WL 1984274, *2 (W.D. Tenn. May 1, 2008).  However, the attorney should not be compensated for time spent preparing the motion for fees under § 406(b).  *Wummel v. Comm'r of Soc. Sec.*, No. 12-14860, 2016 WL 245287, *2 n.2 (E.D. Mich. Jan. 21, 2016); *Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836, *10 (E.D. Mich. Aug. 5, 2015).

## III.

### A.    Fee Agreement

The fee agreement in this case states that Amburgey agreed to pay "twenty-five (25) percent of past-due benefits awarded to me and my family in the event the case is won . . . . No attorney fee will be charged if we do not win the case."  [Record No. 23-3, p. 1]  Because

- 4 -

the fee term in the agreement does not exceed 25% percent of the total amount of past-due benefits payable to the plaintiff, it is proper under 42 U.S.C. § 406(b)(1)(A).

### B.   Timeliness

Although the parties have not raised the issue, the Court must consider the timeliness of the motion for attorney fees for jurisdictional purposes.  Section 406(b) only states that the Court may award the fee "as part of its judgment."  42 U.S.C. § 406(b)(1)(A).  Courts have held that § 406(b) is governed by Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure, requiring filing of the fee motion within fourteen days of entry of the Judgment.  *See Short v. Comm'r of Soc. Sec.*, No. 1:12cv574, 2015 WL 4465189, *3 (S.D. Ohio. Jul. 21, 2015).  However, equitable tolling applies.  *See id.*; *Willis v. Comm'r of Soc. Sec.*, No. 1:10-cv-594, 2013 WL 4240835, *3 (S.D. Ohio. Aug. 14, 2013).  In determining whether a deadline should be equitably tolled, the Court considers: (i) the movant's lack of notice or constructive knowledge of the filing requirement; (ii) his diligence in pursuing his rights; (iii) the absence of prejudice to the non-movant; and (iv) the movant's reasonableness in remaining ignorant of the filing requirement.  *See Short*, 2015 WL 4465189, at *4 (citing *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005)).

Here, Judgment was entered on June 30, 2009, resulting in a motion deadline of July 14, 2009.  [Record No. 15]  However, Cybriwsky could not have filed a motion for fees under § 406(b) until he was notified of the favorable decision on April 2, 2014.  [Record No. 23-2, p. 1]  Cybriwsky filed his first motion for fees on February 2, 2016, which is twenty-

- 5 -

two months after notification of the favorable decision.[2]   [Record No. 23]   However, the motion expressed uncertainty regarding the past-due benefits payable to the plaintiff and his dependents.   [Record No. 23-1, p. 1]   The attorney's second motion was filed March 14, 2016, indicating that the Social Security Administration ("SSA") did not notify him of the exact amount of past-due benefits until March 8, 2016.   [Record No. 27, p. 1, *referring to* Record No. 27-1, p. 1]   The Commissioner does not contradict any of counsel's representations.

The filing deadline should be equitably tolled.   Although Cybriwsky was aware of the filing deadline, he was unable to file a proper motion without the information regarding Amburgey's past-due benefit award.   Further, his timesheet indicates that he diligently pursued his rights by attempting to discern the amount payable to the plaintiff and his dependents.  *See Griffin*, 399 F.3d at 635.  [Record No. 23-1, pp. 10−12]  Additionally, the SSA will not be prejudiced because it has withheld 25% of the benefit award for attorney fee purposes.  *See id.*  [Record No. 27-1, p. 4]  Due to the lack of binding authority in this Circuit, the "inequity in failing to honor a contingency fee agreement," and the un-contradicted explanations provided by Cybriwsky, equitable tolling applies to make the present motion timely filed.  *See Willis*, 2013 WL 4240835, *3.

## C.   Reasonableness of Award

As part of its analysis regarding the reasonableness of the fee, the Court calculates the hypothetical hourly rate by dividing the contemplated fee amount by the hours spent before

---

[2]      Other courts, however, have used the date counsel receives the Notice of Award as the "judgment" date.  *See e.g.*, *Walker v. Astrue*, 593 F.3d 274, 276 (3d Cir. 2010).   Under this theory, Cybriwsky's motion was timely, as he received the Notice of Award on March 8, 2016. [Record No. 27-1, p. 1]

the Court. *See Hayes*, 923 F.2d at 422. Cybriwsky indicates that he spent 93.10 hours on work performed for Amburgey's representation before this Court. [Record No. 23-1, p. 7] Conversely, the Commissioner contends that counsel is limited to the 35.5 hours for which he was awarded EAJA benefits. [Record No. 28, p. 5, *referring to* Record No. 22, p. 3] Neither party is entirely correct.

For the most part, the hours presented in Cybriwsky's report up until September 24, 2009, represent the hours considered by this Court in the EAJA determination, which were reduced from 39.5 to 35.5 hours. [Record Nos. 16-9, p. 3; 22; 23-1 p. 10] However, the Court has found three discrepancies between the two reports. In the first report [Record No. 16-9, p. 3], Cybriwsky represented that he spent 1.40 hours meeting with Amburgey's former attorney on August 3, 2009. But in the recent report, he indicates that he spent 3.40 hours meeting with the attorney. [Record No. 23-1, p. 9] Additionally, in the first report, Cybriwsky did not provide any time for the entry labeled "Receipt of Commissioner's Answer and Transcript of Record." [Record No. 16-9, p. 2] However, in the second report, he indicates that he spent .20 hours performing that work. [Record No. 23-1, p. 8] Further, in the second report, Cybriwsky indicates that he spent 8.80 hours traveling to Jeffersonville, Kentucky to meet with the plaintiff about "tak[ing] over representing his claim." [*Id.*, p. 9]

Thus, the second report contains eleven additional hours that were not included in the first report. Because the Court has no reason to doubt Cybriwsky's representations, and because there are reasons for excluding time from an EAJA petition that do not pertain to a § 406(b) petition, the Court will count those eleven hours in its evaluation of the hypothetical

hourly rate.  Adding the original 35.5 hours spent at the district-court level[3] to this number gives a calculation of 46.5 hours for the work performed up until September 24, 2009.

In addition, some of the hours following the time period represented in the EAJA petition may be considered by the Court in the instant determination because they represent time spent preparing the EAJA petition.  *See Walls*, 2008 WL 1984274, at *2.  The Commissioner argues that those hours are "administrative."  [Record No. 28, p. 5]  However, she does not address whether the non-administrative hours related to the preparation of the EAJA petition and the corresponding reply qualify.  As a result, the Court will include the hours counsel spent preparing the EAJA petition and replying to the Commissioner's response in its determination, for an additional 8.45 hours.[4]  Adding the 46.5 hours calculated above to this figure gives a total time spent of 54.95 hours before this Court.

With respect to the other hours appearing in the report, the Commissioner is correct that the Court may not consider the hours spent preparing the present motion.  *See Wummel*, 2016 WL 245287, *2 n.2.  Cybriwsky provides no case law supporting his contention that he should be compensated for time spent preparing this motion.  Further, to the extent Cybriwsky alleges that the Court should consider time spent ensuring Amburgey received his awarded benefits [Record No. 29, p. 2], he has provided no support for that argument, and

---

[3]    The reasons for reducing the 39.5 hours to 35.5 hours for the time period covered in the EAJA petition apply equally here.

[4]    This sum includes the following from Cybriwsky's report: (i) 1 hour for preparation and filing of motion for leave to file attached documents; (ii) .20 hours for receipt and review of Order allowing filing of motion for EAJA fees; (iii) 4.25 hours for review of Commissioner's response in opposition to the motion; (iv) 2 hours for preparation and filing of reply; and (v) 1 hour to review the Order granting, in part, the motion for EAJA fees.  [Record No. 23-1, p. 10] The Court does not find these representations to be excessive.

the Court has not found any cases supporting his theory. Therefore, the Court will not include time spent preparing the instant motion or ensuring that Amburgey received his benefits for the purpose of determining the hypothetical hourly rate.

Next, the Court divides the requested fee by the total hours to determine the hypothetical hourly rate. Here, $53,909.48 divided by 54.95 hours equals a hypothetical hourly rate of $981.06. The standard rate for attorney fees is $125.00 per hour. *See Layne v. Colvin*, No. 5: 13-363-DCR, 2015 WL 5174025 (E.D. Ky. Sept. 2, 2015); 28 U.S.C. § 2412(d)(2)(A). Double that rate is $250.00. Because Cybriwsky's hypothetical hourly rate is nearly four times that figure, it is not *per se* reasonable. Instead, is subject to a rebuttable presumption of reasonableness. *See Hayes*, 923 F.2d at 422.

Cybriwsky argues that a rate of $981.06 per hour does not constitute a windfall because he spent eight years[5] representing the plaintiff in this litigation, during which he participated in five administrative hearings, overturning four denials resulting from those hearings. [Record No. 29, p. 2] In addition, counsel secured four remand orders from the Appeals Council before obtaining a fully favorable decision for Amburgey. [*Id.*, p. 3] Moreover, counsel represents that his work was of good quality. The Commissioner does not take issue with Cybriwsky's representations about his effort in the case.

The level of difficulty and the length of time Cybriwsky expended on this case weigh in favor of finding that the fee is reasonable. *See Hayes*, 923 F.2d at 422. However, the Commissioner contends that the Court should follow the approach in *Lasley v. Comm'r of*

---

[5]      Cybriwsky indicates that his administrative efforts covered sixteen years [Record No. 29, p. 2], but Amburgey was represented by other counsel until 2008. [Record Nos. 9-2, pp. 1−2; 23-1, p. 7]

*Soc. Sec.*, where the district court reduced the hourly rate from $750.00 to $360.00.   No. 1:10-cv-394, 2013 WL 3900096, *7 (S.D. Ohio July 29, 2013), *adopted by* 2013 WL 6147841 (S.D. Ohio Nov. 22, 2013), *aff'd by* 771 F.3d 308 (6th Cir. 2014).   In *Lasley*, the court reasoned that counsel's short representation of the plaintiff, the simplicity of the claim, the high hourly rate, the opposition of the Commissioner, counsel's failure to negotiate a reduced fee, and counsel's delay in filing the § 406(b) motion weighed in favor of reducing the fee.   *Id.* at *8.

Only three of the factors identified in *Lasley* appear here.   A hypothetical hourly rate of $981.06 is an extremely high hourly rate, and the Commissioner has opposed the rate. Further, Cybriwsky has not offered to negotiate a reduced fee to decrease the chances of a windfall.   These factors weigh in favor of finding the contemplated fee to be unreasonable. *See Lasley*, 2013 WL 3900096, at *8.   Additionally, other counsel represented the plaintiff from 2001 to 2008.   [Record No. 9-2, pp. 1−2]   Ultimately, the award contemplated by the contingency fee agreement results in an unreasonably high hourly rate due to an inordinately large benefit award.   *See Rodriguez*, 865 F.2d at 746.

While another judge of this Court has awarded a § 406(b) fee based on an hourly rate of $702.13, an hourly rate of $500.00 is more appropriate under the circumstances presented. *See Lockridge v. Astrue*, Civil Action No. 04-499-JBC, 2009 WL 127668, *2 (E.D. Ky. Jan. 16, 2009).   An hourly rate of $500.00 still exceeds Cybriwsky's anticipated hourly rate contained in the agreement by $175.00.   [*See* Record No. 23-3, p. 1.]   Therefore, the Court will calculate the attorney fee based on that hourly rate, resulting in the sum of $27,475.00 ($500.00 x 54.95 hours).

Finally, because fees have already been awarded under the EAJA in the amount of $4,437.50, counsel must refund to the plaintiff the smaller of the EAJA or § 406(b) fee.[6] *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).   [Record No. 22]   Thus, Cybriwsky must refund the EAJA fee to the plaintiff.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Attorney Wolodymyr Cybriwsky's second motion for attorney fees pursuant to 42 U.S.C. § 406(b) [Record No. 27] is **GRANTED**, in part, and **DENIED**, in part.

2.      Attorney Cybriwsky shall be awarded a fee of $27,475.00 under 42 U.S.C. § 406(b).

3.      Attorney Cybriwsky is **DIRECTED** to return to Plaintiff Donald Amburgey $4,437.50 in EAJA fees and provide documentation of compliance within thirty (30) days of the entry of this Memorandum Opinion and Order.

This 16th day of May, 2016.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge

---

6       The Commissioner suggests that the attorney fee should be reduced by the amount Cybriwsky received for his services at the administrative level.  [Record No. 28, p. 5]  However, in *Horenstein*, the Sixth Circuit stated that "in cases where the court remands the case back to the [Commissioner] for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the [Commissioner] will award whatever fee [she] deems reasonable for the work performed on remand and prior administrative proceedings. 35 F.3d at 262.  As a result, the attorney fee in this Order need not be reduced by the amount of the fee Cybriwsky received at the administrative level.  *See Whisman v. Astrue*, Civil Action No. 07-122-GWU, 2008 WL 5173466, *2 (E.D. Ky. Dec. 10, 2008).