UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DONALD RAY AMBURGEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 08-335-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On May 16, 2016, the Court granted, in part, and denied, in part, Attorney Wolodymyr Cybriwsky's second motion for attorney fees, awarding him a fee of $27,475.00 under 42 U.S.C. § 406(b). [Record No. 30, p. 11] In his second motion, Cybriwsky requested $53,909.48 in fees based on his contingency fee agreement with Plaintiff Donald Amburgey. [Record No. 27, p. 1] The Court reduced the fee contemplated by the agreement between the plaintiff and his attorney because it resulted in an unreasonably high hourly rate due to an inordinately large benefit award. [Record No. 30, p. 10]

As is his custom, the plaintiff's attorney has now filed a motion for relief from the May 16, 2016 Memorandum Opinion and Order under Rule 59(e) of the Federal Rules of Civil Procedure. [Record Nos. 31; 33] However, the motion will be denied because Cybriwsky merely re-argues issues addressed in his prior motions for attorney fees.

Under Rule 59(e), a court may "alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

- 1 -

prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (internal quotation marks omitted)). While Rule 59 allows for reconsideration of a court's order, it does not permit parties to effectively "re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Here, Cybriwsky argues that the Court committed a "clear error of law in calculating its reasonable fee by multiplying its calculated hours and the[n] multiplying that total by a doubled hourly rate rather than enforcing the contingent fee agreement . . . ." [Record No. 31, p. 1] However, he merely rehashes arguments included in his previous motions for attorney fees and addressed by the Court in its Memorandum Opinion and Order. For example, Cybriwsky asserts that the Court should accord a presumption of reasonableness to a fee contemplated by an agreement, and that the Court should not "engage in transmogrification" of the fee agreement. [*Id.*, p. 2] The attorney addressed the proper legal standard and the "transmogrification" issue in his motions for attorney fees. [*See, e.g.*, Record No. 23-1, pp. 4−5] Further, in the Memorandum Opinion, the Court acknowledged and applied the presumption of reasonableness to the fee contemplated by the agreement, reasoning that the excessive hypothetical hourly rate, combined with the Commissioner's opposition to the rate, Cybriwsky's failure to offer to negotiate a reduced fee, and the fact that Cybriwsky did not represent the plaintiff throughout the entire process, overcame the rebuttable presumption. [Record No. 30, p. 10]

The attorney claims that the Court reduced his fee solely because he did not offer to negotiate a lower rate. [Record No. 31, p. 4] That assertion is simply untrue, as the Court offered the four aforementioned reasons for finding the hypothetical hourly rate to result in a windfall. Moreover, to the extent Cybriwsky alleges that the Court committed an "error of law" with regard to that issue, he offers no authority to support his allegation. [*Id.*] And he fails to address the case cited by the Court affirming consideration of an attorney's offer to negotiate a lower rate during the determination of the reasonableness of a contemplated fee. *See Lasley v. Comm'r of Soc. Sec.*, No. 1:10-cv-394, 2013 WL 3900096, *8 (S.D. Ohio July 29, 2013), *adopted by* 2013 WL 6147841 (S.D. Ohio Nov. 22, 2013), *aff'd by* 771 F.3d 308 (6th Cir. 2014). [Record No. 30, pp. 9−10]

In addition, Cybriwsky contends that his fee petition "does not list any time which was expended in preparing its motion for attorney fees under 42 U.S.C. § 406 (b)(1), but [he] did list the time and effort which was expended by counsel after [he] had secured the Fully Favorable administrative decision of 4/2/14, . . ." [Record No. 31, p. 3] However, in his reply regarding the motion for fees, Cybriwsky assured the Court that some of the hours listed in his petition represented time spent determining "the details of Mr. Amburgey's benefits for purposes of filing this Section 406(b)(1) fee petition." [Record No. 29, p. 2] In any event, even if all those hours represent time expended obtaining benefits for Amburgey, Cybriwsky has still failed to cite authority indicating that those hours should have been included in the Court's calculation of the hypothetical hourly rate. [*See* Record No. 30, pp. 8−9]

- 3 -

Because Cybriwsky merely re-argues the bases for his previous motions for attorney fees, he is not entitled to relief under Rule 59(e) of the Federal Rules of Civil Procedure. *See Howard*, 533 F.3d at 475. Accordingly, it is hereby

**ORDERED** that Attorney Wolodymyr Cybriwsky's motion for relief from the Court's May 16, 2016 Memorandum Opinion and Order [Record No. 31] is **DENIED**.

This 7th day of July, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge